## A. M. BOYER v. STATE.

No. A-5585. Opinion Filed June 12, 1926.
(246 Pac. 1111.)

J. B. Drennan and Sam P. Ridings, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Grant county on a charge of embezzlement, and sentenced to serve a term of six months in the state penitentiary.

The information is in two counts and charges that defendant was the agent in charge of an elevator at Lamont belonging to the Consolidated Flour Mills Company. In the first count it is alleged that he embezzled 3,000 bushels of wheat, the property of said company of the value of $3,000. In the second count it is alleged that he was intrusted with the sum of $3,000 for the purchase of wheat and did appropriate and embezzle said sum.

The record discloses that defendant was an agent of the Consolidated Flour Mills Company for more than three years, running its elevator at Lamont, purchasing and shipping wheat on commission; that, contrary to the orders of his employer, he stored a quantity of wheat in the elevator and at times made settlement for a portion of this stored wheat by drawing drafts against the company in his own name showing that he had sold wheat to the company; and that he drew drafts in like manner for wheat which he did not deliver. His accounts became very much involved, and in August, 1923, he went to the office of the company at Hutchinson, Kan., and fully disclosed the situation of affairs and admitted that he had appropriated

to his own use a considerable sum of money belonging to the company. A portion of this statement was taken down in shorthand, transcribed and signed by the defendant. He did not testify upon the trial.

The prosecuting attorney evidently was in doubt whether the evidence disclosed that defendant had appropriated wheat or had appropriated money of the company procured ostensibly for the payment of wheat or in payment for wheat. If the facts developed at the preliminary and the order of commitment warranted, it was proper to charge in the first count the embezzlement of wheat and in the second count the embezzlement of money received from the sale or for the purchase of wheat, and the state could not be required to elect upon which count it would rely for conviction. Hughes v. State, 7 Okla. Cr. 117, 122 P. 554.

A motion to quash the second count of the information charging embezzlement of money was interposed, for the reason that the defendant had not had a preliminary on such charge, and the overruling of such motion is assigned as error. The motion is verified and sets out what purports to be a copy of the preliminary complaint which alleges the embezzlement of wheat. It does not set out the order of the committing magistrate holding the defendant for trial as required by section 2497, Comp. Stat. 1921, nor was any proof of the contents of the order made. The record does not contain any evidence offered in support of the motion to quash. The county attorney was authorized to charge the offense according to the facts developed at the preliminary hearing and according to the order holding the defendant for trial, and had a right to vary the allegations of his information to meet the contingencies. Little v. State, 21 Okla. Cr. 1, 204 P. 305; Payne v. State, 30 Okla. Cr. 218, 235 P. 558. The motion to quash was properly overruled.

The jury were instructed that, while the information charged the defendant with embezzlement of wheat and also the embezzlement of money, he could be convicted upon one count only, and in the case they should find him guilty they should say by their verdict whether the embezzlement was of wheat or money. The verdict as returned found him guilty of embezzlement of money.

Complaint is next made that the court erred in refusing defendant's requests for instructions numbered 16 and 18. Requested instruction No. 16 is, in substance, that the jury must find defendant embezzled wheat as charged or the proceeds of the wheat in order to convict, and No. 18 is that the jury must find that the defendant had actual possession of the wheat in order to sustain a conviction for embezzlement. The material part of instruction No. 16 is covered by the court's charge; and, since the jury by their verdict found the defendant embezzled money and not the wheat, the failure to give instruction No. 18 is not prejudicial.

Upon an examination of the entire record, we find the evidence sustains the verdict, and no error which would require a reversal is apparent.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.