## H. H. HANCOCK et al. v. STATE.

No. A-5659.  Opinion Filed Sept. 11, 1926.
(248 Pac. 1115.)

E. M. Carter and Harland A. Carter, for plaintiffs in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiffs in error were jointly charged, tried, and convicted on a charge of unlawful possession of 3 pints of whisky, and in accordance with the verdicts they were each sentenced to confinement in the county jail for 30 days and to pay a fine of $300. To reverse the judgments they appeal, and assign as error that the trial court erred in admitting incompetent evidence over the objections of the defendant, and in refusing to

strike such evidence, and that the verdicts returned by the jury are contrary to both the law and the evidence, and not supported by either.

The state relied for this conviction on the testimony of M. L. Lairmore and E. T. Mitchell, deputy sheriffs, admitted over defendants' objections that it was obtained by an unlawful search. Their testimony shows that they visited the defendant's place of business in Okmulgee and served a search warrant on the defendant, A. V. Hancock, who said, "Go ahead and search," and that they found more than a quart in pint bottles.

The affidavit upon which the search warrant issued was introduced and showed that it was made by M. L. Lairmore, on information and belief that the defendants did have possession of intoxicating liquor in a building occupied by them as a residence and shop, on lots 1 and 2, block 16, in the city of Okmulgee.

As witnesses in their own behalf, each defendant testified that they did not have any liquor there, and that they did not waive their constitutional rights, and A. V. Hancock testified that a copy of the search warrant was delivered to him, that he did not tell the officers to "go ahead and search."

The trial court held the affidavit upon which the search warrant issued was insufficient as having been made solely on information and belief, and that the search warrant issued thereon was void, but submitted the issue to the jury as to whether or not the defendants waived their constitutional rights.

The precise question presented was determined by this court in the case of Smith v. State, 34 Okla. Cr. 434, 246 P. 1109, wherein it was held that:

"A statement by defendant when officers showed her a liquor search warrant to 'go ahead and search' did

not waive defendant's constitutional rights, where the search warrant was unlawfully issued, since it is not to be construed as an invitation to search the premises, but rather a statement of the intention not to resist search under the warrant."

The search and seizure was made under the authority of the search warrant, a copy of which was delivered to the defendant there present at the time. What this defendant might have said could not have prevented the search. The warrant itself and the return thereto refute all testimony of a waiver on the part of the defendants.

For this reason the court erred in overruling defendants' motion to strike, and their motion for a directed verdict should have been sustained.

Because all the evidence offered by the state was obtained illegally and in violation of the constitutional rights of these defendants, the judgments of the lower court are reversed, and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.