## JACK DAWSON v. STATE.

No. A-10635.    Dec. 18, 1946.
(175 P. 2d 368.)

264

Hughes & Hughes, of Hobart, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant Jack Dawson was charged in the county court of Kiowa county with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $75 and costs, and has appealed.

Among the various assignments of error presented by the defendant, it is only necessary for us to consider the question as to whether the court erred in overruling the motion to suppress evidence·

The sheriff and two deputy sheriffs of Kiowa county went to the home of defendant for the purpose of searching for intoxicating liquor. Prior to going there, the sheriff had procured a search warrant, but upon arriving at the residence of defendant, he did not serve it, use it, or even advise the defendant that he had it. As to the above facts, there is no dispute.

The state contends that the defendant consented to the search of his premises and thereby waived any irregularity in the search.

The sheriff testified that he had searched the residence of defendant about six months before that date, but did not find anything. That when he prepared to leave, defendant had stated, "Come on any time you want to. You don't have to have a search warrant." That on the occasion in question, he went to the front door of defendant's home and knocked. That a lady who was visiting defendant and his wife opened the door and invited them in. That he inquired for the defendant and was told the defendant was in the bedroom. That he found defendant in bed and said to him, "Jack, I have come to look you over again," and the defendant replied, "All right."

The defendant testified at the hearing on the motion to suppress the evidence that when the sheriff said, "I have come out to look you over again," that he replied, "Nothing I can do about it, I don't guess, Mr. Dugan."

For the purpose of disposing of the question as to whether the defendant by his conduct and words waived his constitutional rights guaranteeing his immunity against an unlawful search, we shall assume the truthfulness of the testimony of Sheriff Dugan.

It is the well settled rule that the finding of a trial court at a hearing on a motion to suppress the evidence will be sustained where there is disputed testimony as to the facts of the case, and there is sufficient evidence in the record to sustain the court's finding. Here there is a dispute as to the facts, but assuming that the defendant's words and conduct were as related by the sheriff, still we think that the court erred as a matter of law in ruling that

such conduct and words of the defendant amounted to a waiver of his constitutional rights.

In the case of Hancock et al. v. State, 35 Okla. Cr. 96, 248 P. 1115, it was held:

"A statement by defendant, when officers delivered to him a search warrant, to 'go ahead and search,' did not waive defendant's constitutional rights, where the search warrant was unlawfully issued, since it is not to be construed as an invitation to search premises, but rather as a statement of intention not to resist search under the warrant."

To the same effect is the case of Smith v. State, 34 Okla. Cr. 434, 246 P. 1109.

In the case of Shockley v. State, 35 Okla. Cr. 437, 251 P. 514, the officers had procured a search warrant for a search of the premises of defendant. The record is silent as to whether the officers advised the defendant that they had a warrant when they called on him at his premises. The officers testified that they went to where the defendant was about 100 yards east of his house, and told him, "We wanted to look this place over, and he said it was all right to go ahead, and we did."

In disposing of that case this court held that the statement by the defendant "to go ahead" was insufficient to constitute a waiver of his constitutional rights. In the body of the opinion the court quoted from the case of Smith v. State, supra (34 Okla. Cr. 434, 246 P. 1111), as follows:

"There is much conflict of authority as to what constitutes a waiver of defendant's constitutional rights in search and seizure cases. We think the rule supported by reason and the weight of authority requires the state, where objection is properly made, to show that defendant waived his constitutional rights by freely and voluntarily

consenting to the search. The right of the citizen to occupy and enjoy his home, however mean or humble, free from arbitrary invasion and search, has for centuries been protected by every court in the English speaking world, from Magna Charta down to the present, and is embodied in every bill of rights defining the limits of governmental power in our own republic.

"The mere fact that a man is an officer whether of high or low degree, gives him no more right than is possessed by the ordinary private citizen to enter and search the private premises of another for evidence of crime without a legal warrant procured for that purpose."

In Seick v. State, 57 Okla. Cr. 364, 48 P. 2d 355, it is stated:

"A statement by defendant, when officers delivered to him a search warrant, to 'go ahead and search', or words of similar import, did not waive defendant's constitutional rights, where the search warrant was unlawfully issued, since it is not to be construed as an invitation to search premises, but rather as a statement of intention not to resist search under the warrant."

In the instant case the officers had a search warrant. They should have served it on defendant and made a return to the court out of which it was issued showing what was found during the search. So far as we can see, the chief reason for officers not procuring a search warrant is because they do not want to make a return showing exactly the kind of property seized on the occasion of the search and deliver it to the court. Officers of the law are violating the law which they are sworn to uphold when they go into a man's home and make an illegal search. As we view the record, the search was illegal, and the trial court should have sustained the motion to suppress the evidence obtained in the search.

This case is different from those cited by the state. The officers did not ask permission to search. They did not say "May we look you over," or "Is it all right to search," but instead according to the sheriff he said, "I have come to look you over again." This was an unqualified statement of an armed officer. Defendant did not know that he had a warrant. Defendant was placed in the position after this declaration of the sheriff of either resisting the search or making a statement that he would not resist the officers' intention to look him over. The defendant testifies that he said, "There's nothing I can do about it, I guess." But assuming that he said "all right" in response to the sheriff's declaration, still such response did not constitute a free and voluntary relinquishment and waiver of his constitutional right of immunity against an unlawful search, but was rather an indication that he would not resist the officers in their declared intention "to look him over again."

The judgment of the county court of Kiowa county is reversed.

BAREFOOT, J., concurs. DOYLE, J., not participating.