## RODNEY HELFER v. STATE.

No. A-10729.    June 11, 1947.

(181 P. 2d 862.)

Roy White, of Eufaula, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Haskell A. Holloman, Asst. Atty. Gen., and Hazen Green, Co. Atty. of McIntosh County, of Eufaula, for defendant in error.

BAREFOOT, P. J.   Defendant, Rodney Helfer, was charged in the county court of McIntosh county with the offense of unlawful possession of intoxicating liquor, to-wit: 10 pints of whisky. He was tried, convicted, and sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

The only errors presented which are necessary to consider in deciding this case are: First, that the court erred in refusing to sustain the motion to suppress the evidence presented in this case, for the reason that the same was obtained without the aid of a legal search warrant; and, second, that the court erred in refusing to sustain a demurrer to the evidence at the conclusion of .the trial. Both of these errors may be considered together.

The record reveals that on the night of January 18, 1946, the defendant, who was a resident of Eufaula, in McIntosh county, was seen by a constable and night-watchman, driving a car upon the streets of Eufaula. Accompanying him was another party by the name of Dunn. The fact that the car had an out-of-the-county tag number caused the officers to follow it. The driver of the car turn-

ed several streets, and finally parked the car in close proximity to the residence of defendant. Defendant and the party with him left the car, and carried a suitcase in which the officers testified they could hear "bottles rattling around." They went into the residence of the defendant. The officers, who had parked their own car and were watching defendant and his companion, went to the parked car and found it locked. They testified that by the aid of a flashlight they looked through the window and saw a bottle partly filled with what they thought was whisky on the seat of the car. They did not search the automobile, but proceeded to the back of the residence of defendant, and, looking through the window, saw defendant and his companion taking a drink from a bottle, which the defendant placed in a cabinet. They then proceeded to the front door of defendant's residence and knocked. The defendant appeared and recognized them as officers of the law. They asked defendant if he had any liquor, and he answered "No." The officers then said, "Would you mind if we look around?" and the defendant replied: "No, help yourself." The defendant had not been arrested, but the officers proceeded to search the premises of defendant without having secured a search warrant, and as a result thereof, found the bottle partly filled with liquor which they had seen defendant place in the cabinet while looking through the window; and also ten pints of tax-paid whisky, taken from a suitcase under the bed. The defendant was arrested after the finding of this liquor, and it was with the unlawful possession of the ten pints of whisky that defendant was charged in this case.

The two officers were the only witnesses presented by the state. The defendant did not take the witness stand, and offered no testimony.

It is contended by defendant that under the above statement the search of his premises without first securing a search warrant was unlawful and in violation of his constitutional and statutory rights.

It is contended by the state, first, that a misdemeanor had been committed in the presence of the officers; and, second, that the defendant by his answer to the officers' question: "Would you mind if we look around?" "No, help yourself," waived any right he may have had to require the officers to obtain a search warrant, and thereby gave permission to have his premises searched.

Both the state and the defendant in their briefs have cited cases from this court which they claim sustain their respective contentions. It is unnecessary to here review these cases. As heretofore stated, each case to a great extent depends upon the facts of that particular case, subject to well-defined rules of law which this court will follow.

We are of the opinion that the contention of defendant should be sustained. The officers, in this instance, should have procured a search warrant before searching defendant's premises. They had ample opportunity to do so. We do not find that any of the cases cited by the state have held that a man commits a crime in the presence of officers where the officers look through a window of his home and see him take a drink from a bottle. The defendant was not arrested for any act committed by him while in the automobile, or for the possession of liquor in the automobile. The charge in this case was for possession of 10 pints of liquor found in his home.

37 O. S. 1941 § 88 provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is

used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

There was no evidence in this case that the home of defendant was being used as "a store, shop, hotel, boarding house, or place for storage," or that the same was "a place of public resort."

We have often held that the permitting of a search of one's premises by an officer who was present and indicating that he intended to search the premises, is not an invitation or waiver of the right to have the officers secure a search warrant before making a search. Expressions such as were made by the defendant in this case have been construed as not constituting a waiver. Smith v. State, 34 Okla. Cr. 434, 246 P. 1109; Hancock v. State, 35 Okla. Cr. 96, 248 P. 1115; Shockley v. State, 35 Okla. Cr. 437, 251 P. 514; Seick v. State, 57 Okla. Cr. 364, 48 P. 2d 355; Pritchett v. State, 78 Okla. Cr. 67, 143 P. 2d 622 and cases cited; Dawson v. State, 83 Okla. Cr. 263, 175 P. 2d 368.

We are, therefore, of the opinion that the court erred in refusing to sustain the motion to suppress the evidence presented in this case, and in refusing to sustain the demurrer to the evidence.

For the reasons above stated, the judgment and sentence of the county court of McIntosh county is reversed.

JONES and BRETT, JJ., concur.