Submitted March 18, affirmed April 17, 1963

STATE OF OREGON *v.* MARSHALL

380 P. 2d 799

Beesley and Murray, Klamath Falls, for appellant.

Dale T. Crabtree, District Attorney, Klamath Falls, and J. R. Thomas and Sam A. McKeen, Klamath Falls, for respondent.

O'CONNELL, J.

Defendant appeals from a judgment of conviction

after having been found guilty of the crime defined in ORS 166.270 which makes unlawful the possession of a firearm by a convicted felon.

Defendant contends that the trial court erred in admitting into evidence over his objection the gun which was revealed to be in his possession through a search made by officer John Kennard of the Klamath Falls Police Department. The ground for this objection, and a previous motion to suppress the evidence, is that the search was in violation of Article I, § 9, Oregon Constitution, which proscribes unreasonable search and seizure.

There is a conflict of testimony as to the circumstances under which the search was made. Defendant and two companions were in a tavern in Klamath Falls when he was approached by the police officer. According to the officer's version of the search he asked the group if any of them was carrying a gun and defendant replied, "No. If you don't believe me, search me," or similar language. Defendant testified that the police officer said, "I heard you have a gun," to which defendant replied, "No, I haven't." Defendant denies that he invited the officer to search him. He is supported in this by Miss Marjorie Lopez, who was one of his companions. The police officer had no warrant of arrest and did not purport to arrest defendant.

■ The state has the burden of establishing that defendant waived his constitutional protection from unreasonable search. It is defendant's position that the state did not produce sufficient evidence to meet this burden. He argues that consent to the search must be proved beyond a reasonable doubt. The state's burden is not that great. Proof of waiver of the constitutional protection from unreasonable search and

seizure need only be by clear and convincing evidence.[1] If officer Kennard's testimony is accepted as true, the evidence of consent would be clear and convincing.

The cases relied upon by defendant are distinguishable. In some the defendant's language, relied upon as evidence of consent, is equivocal. In others there is evidence that the consent was given as a result of force, intimidation, deception, or some other factor negativing real assent to the search.[2]

■ The trial court in passing upon the motion to suppress, and the jury in passing upon defendant's guilt, were entitled to believe officer Kennard and disbelieve defendant. If they did, the evidence would establish the giving of consent in unequivocal language and without coercion or other conduct negativing real assent to the search.

The judgment is affirmed.

[1] E.g., Judd v. United States, 190 F2d 649 (D.C. Cir 1951); Nueslein v. District of Columbia, 115 F2d 690 (D.C. Cir 1940); Ray v. United States, 84 F2d 654 (5th Cir 1936); United States v. De Vivo, 190 F Supp 483 (E.D. N.Y. 1961); United States v. Reckis, 119 F Supp 687 (Mass 1954); State v. McPeak, 243 N C 243, 90 SE2d 501 (1955), cert. denied 351 US 919, 76 S Ct 712, 100 L Ed 1451 (1956); Burns v. State, 282 P2d 258 (Okla Crim 1955); Hogan v. State, 94 Okla Crim 375, 236 P2d 276 (1951); Dawson v. State, 83 Okla Crim 263, 175 P2d 368 (1946). But see, Compton v. State, 148 Tex Cr App 204, 186 SW2d 74, 76 (1945) (dicta) and cases cited therein.

[2] See e.g., Higgins v. United States, 209 F2d 819 (D.C. Cir 1954) (assent given during questioning in home); Catalanotte v. United States, 208 F2d 264 (6th Cir 1953) (defendant questioned at home); Judd v. United States, 190 F2d 649 (D.C. Cir 1951) (defendant under arrest); Karwicki v. United States, 55 F2d 225 (4th Cir 1932) (consent was not specific and unequivocal enough); Helfer v. State, 84 Okla Crim 304, 181 P2d 862 (1947) (officers questioned defendant in home); Dawson v. State, 83 Okla Crim 263, 175 P2d 368 (1946) (officer's language indicated search would be made whether or not defendant assented); Mullins v. State, 75 Okla Crim 417, 133 P2d 239 (1943) (officer told defendant search would be made); Date v. State, 188 Okla 677, 112 P2d 1102 (1941) (defendant under arrest); Marple v. State, 51 Okla Crim 240, 1 P2d 836 (1931) (officers blocked road, gun in hand, and asked permission to search car).