Argued June 29, affirmed September 10, petition for
rehearing denied October 13, 1964

# STATE OF OREGON *v.* BARRON
### 395 P. 2d 158

*Bernard P. Kelly,* Medford, argued the cause for
appellant. On the brief were Kelly & Grant, Medford.

*Thomas J. Owens,* Deputy District Attorney, Med-
ford, argued the cause for respondent. With him on
the brief was Alan B. Holmes, District Attorney.

Before McALLISTER, Chief Justice, and ROSSMAN,

Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

SLOAN, J.

This case involves an alleged unlawful search of defendant's car. He was charged with and convicted of entering a motor vehicle with intent to steal. Evidence of a search made of defendant's car prior to the time he was arrested for the offense charged was received over objection. This is the only issue on this appeal.

The facts which present the issue were these: On the evening of March 15, 1963, a man named Vincent drove his car into a parking lot adjacent to a restaurant and bar located in the outskirts of Medford. Vincent observed what appeared to him to be a person lurking about other automobiles in the parking lot. He observed the suspicious character get into another car and drive away. Vincent took the license number of the car and phoned the Medford police as to his suspicions and gave the police the license number. A police officer was dispatched to talk with Vincent who explained to the officer the cause of his suspicions and at that time also gave to the officer the license number of the car. Later, while cruising on the streets of Medford that officer observed the car bearing the license number Vincent had detected. The officer stopped the car. Defendant was the sole occupant.

The officer asked defendant if he might look through the car. The officer testified that he had asked defendant if he might look in the trunk of the car and that defendant gave his consent. Defendant opened the trunk. In the trunk the officer found a Skil saw. The officer noted the identification. He gave de-

fendant a citation for inadequate lights on the car but did not arrest him.

Two days later it was discovered that a Skil saw had been taken from a car owned by a carpenter that had been parked on the restaurant parking lot at the time Vincent had seen the suspicious conduct. When this was made known to the police it was recognized that the saw that had been taken met the description of the one found by the officer when he had stopped defendant's car on the night of March 15. Other police officers then went to a motel room known to be occupied by defendant and there found the Skil saw. This was the basis for the charge made. The evidence, when admitted, was crucial to connect defendant with the crime charged.

■ When defendant objected to the testimony of the officer who had made the initial search of defendant's car the trial court found that the search was made with defendant's consent. The only evidence on the subject was by the officer. As stated, he testified that he had not directed defendant to open the trunk but had done no more than request it. Defendant did not testify at all. The officer's testimony was undisputed. The trial court was entitled to believe the officer's testimony. This is a much stronger case than *State v. Marshall*, 1963, 234 Or 183, 380 P2d 799, where there was a conflict in the testimony as to consent. In *Marshall* we sustained the finding of consent because the trial court could have taken the officer's testimony as true.

■ Beyond doubt this search, without the consent, would not have been permissible. It was exploratory and without any cause for arrest or belief that a crime was being committed. However, it is also beyond doubt that a search with consent is permissible. *State v.*

*Marshall,* supra; *United States v. Eldridge,* 302 F2d 463 (4th Cir 1962), and see, particularly, *People v. Michael,* 1955, 45 Cal2d 751, 290 P2d 852, in which *Mr. Justice Traynor* compares many of the cases relative to the subject of consent.

In the instant case there is no evidence from which any element of compulsion could be inferred or implied. The search was not unlawful. The judgment is affirmed.