Argued June 19, affirmed July 9, petition for rehearing denied
July 29, petition for review denied September 9, 1970

STATE OF OREGON, *Respondent, v.*
VERNON EUGENE HINSVARK, *Appellant.*

471 P2d 859

*Oscar D. Howlett,* Portland, argued the cause and
filed the brief for appellant.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

Defendant was convicted of possession of marihuana and sentenced to three years' imprisonment. He appeals claiming an illegal search and seizure produced the evidence resulting in his conviction.

Two Beaverton policemen were requested by the Washington County Juvenile Department to pick up a female juvenile who was to make contact with a male person after school for the purpose of purchasing a narcotic or dangerous drug. The officers went to the school and observed the girl make contact with defendant, who was driving a green Volkswagen. She got in the car and it drove off. The officers followed and stopped the Volkswagen for the purpose of detaining the juvenile. The occupants of the car were defendant and his wife and the juvenile and her two foster sisters. They were asked to get out of the car.

One of the officers talked to the juvenile for a few moments, and immediately thereafter another officer asked defendant for permission to search his car. The officer testified that defendant replied, "Yes, go ahead." The officer testified he then advised him of his constitutional rights, after which the officer said, "Understanding them, do you still agree for me to search the vehicle?" He stated defendant's reply was, "Go ahead." The search of the car produced marihuana. The police had no arrest warrant or search

warrant. The search of the car was based on the consent of the defendant.

Defendant testified that he replied to the first request to search the car by saying, "Would it do any good to say 'no'?" and when asked a second time he replied, "Well, if I say no won't you just take me down to the station and do it there?" Again the officer said, "Do I have your permission to search the car?" and defendant testified he said, "I guess so." Defendant also testified that he was never advised that he had a right to refuse the search. The trial court found that defendant was advised of his constitutional rights and voluntarily consented to the search of the automobile.

A valid search may be conducted based upon the voluntary consent of the defendant. *State v. Little*, 249 Or 297, 431 P2d 810 (1967), cert den 390 US 955, 88 S Ct 1048, 19 L Ed 2d 1148 (1968); *State v. Barron*, 238 Or 527, 395 P2d 158 (1964), cert den 380 US 920, 85 S Ct 916, 13 L Ed 2d 805 (1965). If the defendant is in custody, such a waiver must be an informed one, that is, preceded by advice of rights. *State v. Williams*, 248 Or 85, 432 P2d 679 (1967).

> "When the evidence with reference to consent is in conflict, the issue is one of fact for the trial court. The trial court's findings on such a question will not be disturbed if they are supported by evidence. *State v. Marshall*, 234 Or 183, 380 P2d 799 (1963)." State v. Pogue, 243 Or 163, 164, 412 P2d 28 (1966).

Affirmed.