STATE OF OREGON, *Respondent,*

*v.*

CAROLYN A. PETERSON, *Appellant.*

(No. 75 0597, CA 5773)

552 P2d 1320

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

.

## SCHWAB, C. J.

The defendant was charged with and convicted of the crimes of conspiracy and fraudulent use of a credit card in violation of ORS 161.450 and 165.055, respectively. The trial court, for sentencing purposes, merged the conspiracy conviction with the conviction for fraudulent use. Defendant contends that a judgment of acquittal should have been directed on the grounds that there was no evidence that she intended to injure or defraud the bank which had issued the credit card.

■ Suffice it to say that not only was the evidence sufficient to raise this issue, but it was so voluminous it would have been surprising had the jury found her not guilty.

■ Defendant's remaining assignment of error concerns the court's failure to give an instruction which was not requested. Assuming, purely for the sake of argument, that the instruction in question should have been given, the failure to give it without request was not "manifest" error on the face of the record. *State v. Zadina,* 1 Or App 11, 457 P2d 670 (1969).

■ Although not assigned as error, we note that the trial court's sentencing order reads in part:

"* * * said defendant having been duly tried and convicted of the crimes of 'CRIMINAL CONSPIRACY' and 'FRAUDULENT USE OF A CREDIT CARD', and this being the time fixed for imposing sentence herein, and

"The court finds that for the purposes of imposing sentence herein, that the crime of 'CRIMINAL CONSPIRACY', Count I of the Indictment, merges with Count II of the Indictment, 'FRAUDULENT USE OF A CREDIT CARD' * * *."

This sentencing order is erroneous in that it in effect enters a judgment of conviction for the conspiracy offense as well as the substantive offense, even though the trial court found that the convictions "merged" for sentencing purposes. ORS 161.485(3) provides:

"A person *shall not be convicted* on the basis of the

same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense." (Emphasis supplied.)

Upon the return of a jury verdict of guilty on both counts, a judgment of conviction should only have been entered for one count, to be elected by the state. *See, State v. Reed,* 15 Or App 593, 517 P2d 318 (1973).

Remanded for the entry of a judgment of conviction and sentence only upon one of the two counts charged in the indictment.