Argued February 25, affirmed March 28, 1977

STATE OF OREGON, *Respondent,*

*v.*

FREDRIC GLENN ROY, *Appellant.*

(No. 73-C, CA 6972)

562 P2d 213

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction of first degree burglary, ORS 164.225, and assigns as error (1) the court's denial of his motion to suppress and (2) the procedure used by the court in merging with the burglary count, for the purposes of sentencing, a count of conspiracy to commit burglary.

On April 6, 1976, a medical clinic in Fossil was burglarized and a quantity of drugs stolen. On April 13, 1976, defendant and Randy Neff were arrested in a tavern for an unrelated theft. As defendant was being placed in the police car, he asked Pat Donnelly, who had accompanied defendant and Neff to the tavern, to claim as his own a knapsack which had been placed in the car by the police officer, and which actually belonged to defendant. Donnelly, who was originally implicated in the theft, had not been arrested, but, at the officer's request, was going to the station for questioning.

At the police station, Donnelly claimed the knapsack as his, and was asked to consent to a search of the knapsack. Donnelly responded by asking what would happen if he refused to consent to the search. The police officers responded that a search warrant would be obtained. Donnelly then consented to the search, and executed a consent form. The original search of the knapsack, which consisted of Donnelly's unpacking the knapsack in the presence of the police officers and the district attorney, revealed no incriminating evidence. Two days later, while again searching the knapsack, the district attorney discovered a fairly large box in the knapsack filled with drugs stolen from the clinic.[1] The court denied defendant's motion to suppress this evidence, and in so doing held that Donnelly had voluntarily consented to the search.

---

[1] The record contains no specific explanation as to why the police retained the knapsack nor is any issue raised as to the period covered by Donnelly's consent to search.

[ 863 ]

## I

■ The Supreme Court of the United States has held that warrantless searches and seizures are "per se unreasonable," subject to "a few specifically established and well-delineated exceptions." *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971). One exception is a search with consent. *State v. Douglas,* 260 Or 60, 488 P2d 1366, *cert denied* 406 US 974 (1971). In such instances, the state must establish that the consent was given "in unequivocal language and without coercion or other conduct negativing real assent to the search." *State v. Marshall,* 234 Or 183, 185, 380 P2d 799 (1963).

■ Defendant does not argue that Donnelly had no power to consent to the search, *see Frazier v. Cupp,* 394 US 731, 89 S Ct 1420, 22 L Ed 2d 684 (1969), but contends that the threat to obtain a warrant coerced that consent.[2] In *State v. Douglas, supra,* much the same issue was raised. There police officers questioning the defendant obtained his consent to a search only after threatening to obtain a warrant. The Supreme Court held that the consent "was not improperly 'coerced' by any conduct of the police officers." 260 Or at 79. Here the police officers requested only once that Donnelly consent to the search, as opposed to the repeated requests made in *Douglas,* and Donnelly testified several times that his consent was given freely and voluntarily. Under these circumstances, we find sufficient evidence to sustain the trial court's finding that the consent was not coerced. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).[3]

---

[2] We assume without deciding that defendant has standing to object to the search of the knapsack. *See Simmons v. United States,* 390 US 377, 88 S Ct 967, 19 L Ed2d 1247 (1968).

[3] Defendant argues that *State v. Douglas,* 260 Or 60, 488 P2d 1366, *cert denied* 406 US 974 (1971), is distinguishable in that there the police officers actually had probable cause to obtain a warrant whereas in this case there is no indication that the police officers had probable cause to search the knapsack. Even if defendant's assessment of whether probable cause existed in *Douglas* is correct, and the court at no point stated whether

We note in passing that defendant specifically disavows any claim that Donnelly was in custody at the time of the search, and that the warnings required by *State v. Williams,* 248 Or 85, 432 P2d 679 (1967), should have been given.[4] In *State v. Douglas, supra,* two members of the Supreme Court indicated that they believed *Williams* to be wrongly decided. Since *Douglas* has been decided, the Supreme Court of the United States has twice rejected the notion that the federal constitution requires the sort of warnings required by *Williams. United States v. Watson,* 423 US 411, 96 S Ct 820, 46 L Ed 2d 598 (1976); *Schneckloth v. Bustamonte,* 412 US 218, 225, 93 S Ct 2041, 36 L Ed 2d 854 (1973). As *Williams* rested exclusively on federal constitutional grounds, whether it remains good law in light of *Watson* and *Schneckloth* is open to question.

## II

Defendant was indicted for both conspiracy to commit burglary, ORS 161.450, and for the burglary itself, and the jury returned guilty verdicts on both counts. Defendant argues that the trial court improperly merged for the purposes of sentencing the conspiracy count with the burglary count. The court's journal entry and order reads in pertinent part:

"NOW, THEREFORE, IT IS ORDERED that the Defendant, FREDRIC GLENN ROY, be sentenced to the Oregon Corrections Division for a period of 6 (six) years on the charge of Burglary in the First Degree and that the charge of Conspiracy to commit Burglary in the Second Degree be merged with the Charge of Burglary in the First Degree."

probable cause did exist, the rule established by *Douglas* does not turn on the actual ability of the police to obtain a warrant, but, rather, examines all of the circumstances in a case to determine whether the consent was freely given.

[4] Defendant's concession that Donnelly was not in custody is understandable, for if Donnelly had been under arrest it is possible that the search of the knapsack would be a valid search incident to arrest under *State v. Florance,* 270 Or 169, 527 P2d 1202 (1974).

ORS 161.485(3) provides:

"A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

In *State v. Peterson,* 26 Or App 471, 552 P2d 1320 (1976), we held that under ORS 161.485(3), upon the return of a jury verdict of guilty on both a conspiracy count and on a count charging the underlying substantive offense, only one judgment of conviction should be entered. *See also State v. Reed,* 15 Or App 593, 517 P2d 318 (1973). The judgment order here, although inartfully worded, unlike *Peterson,* does enter only one judgment of conviction and sentence on only one count.

Affirmed.