LEE, J.
Defendant appeals from a conviction of sexual abuse in the first degree (ORS 163.425)[1] on the grounds of double jeopardy. Defendant also urges error based upon ORS 161.485(3)[2]. The state contends that defendant waived his double jeopardy rights by opposing its motion to consolidate the charges of attempted rape (ORS 163.375)[3] and sexual abuse in the first degree. We affirm.
On August 2, 1976, defendant was indicted for attempted rape in the first degree to which he pled not guilty. The charge arose from defendant having leaned through a car window and having touched the prosecutrix’s breasts and genital area through her clothing. On November 3, 1976, defendant was indicted for sexual abuse in the first degree based on the identical acts involved in the indictment for attempted rape. On November 9,1976, the state filed a motion to consolidate the two charges.[4] On November 15 defendant opposed the state’s motion to consolidate and it was denied. On November 16 trial without a jury was held on the attempted rape charge and the court found *[1246] defendant guilty of the lesser included[5] crime of "attempted sexual abuse.”[6] No judgment order was entered. Instead there was an order entered deferring sentencing until completion of trial on the second indictment. On December 6,1976, defendant moved to dismiss the second indictment for sexual abuse in the first degree on the grounds of (1) double jeopardy and (2) ORS 161.485(3). The motion was denied. A subsequent trial was held based upon the identical evidence adduced at the first trial which was received by stipulation and the defendant was found guilty of "sexual abuse in the first degree.” The two guilty findings were merged for the purpose of imposition of sentence. Defendant contends that the court erred in denying his motion to dismiss on grounds of (1) double jeopardy, and (2) because defendant was allegedly convicted of "both the actual commission of an offense and an attempt to commit that offense,” as proscribed by ORS 161.485(3).
The Fifth Amendment to the United States Constitution[7] as well as Art I, § 12 of the Oregon Constitution[8] and ORS 131.515[9] all provide double *[1247] jeopardy protection only when a defendant is being prosecuted a second time for the same offense.
In State v. Brown, 262 Or 442, 497 P2d 1191, 1196 (1972), the Oregon Supreme Court held that under the double jeopardy provision contained in Art I, § 12 of the Oregon Constitution, statutory violations may constitute the "same offense” for purposes of testing a second prosecution, even though each contains different elements and requires proof of different facts. In State v. Hammang, 271 Or 749, 534 P2d 501 (1975), the court explained this rule indicating that when two charges are based upon exactly the same conduct, a trial on the second charge after conviction of the first would constitute a trial for the same offense and violate defendant’s double jeopardy rights. Defendant in the case at bar was prosecuted for the same offense; however, he had waived his double jeopardy rights by resisting consolidation.
Generally when the defense opposes the state’s motion to consolidate, the defendant waives double jeopardy protection. State v. Boyd, 271 Or 558, 568-70, 533 P2d 795 (1975); State v. Bishop, 16 Or App 310, 314, 518 P2d 177 (1974). Defendant argues that the Boyd/Bishop rule should not apply to multiple prosecutions based upon the same conduct. We disagree.
The defendant by opposing the state’s motion to consolidate, has attempted to preclude the state from trying him on a charge for which he could have been originally prosecuted. We see no reason to penalize the state in this manner when the state has made a bona fide effort to consolidate the charges.
We have previously resolved defendant’s contention that the court erred in denying his motion to dismiss *[1248] the indictment for "sexual abuse in the first degree” because the court had found him guilty of "attempted sexual abuse” in the first trial. There was no error because the two findings of guilty were merged into one conviction for sentencing. See State v. Roy, 28 Or App 861, 866, 562 P2d 213 (1977).
Affirmed.

ORS 163.425 provides:
"(1) A person commits the crime of sexual abuse in the first degree when he subjects another person to sexual contact; and
"(a) The victim is less than 12 years of age; or
"(b) The victim is subjected to forcible compulsion by the actor.
"(2) Sexual abuse in the first degree is a Class C felony.”

 ORS 161.485(3) provides in part:
"(3) A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense * *

 ORS 163.375 provides in part:
"(1) A person who has sexual intercourse with a female commits the ciime of rape in the first degree if:
"(a) The female is subjected to forcible compulsion by the male; or
«SjC * * * *
"(2) Rape in the first degree is a Class A felony.”
See fn 6 infra concerning attempt.

 Timeliness is not an issue in this case because the motion to consolidate was filed eight days prior to the scheduled trial.

 Sexual abuse in the first degree is not a lesser-included crime of attempted rape because sexual abuse requires sexual contact whereas attempted rape only requires a substantial step toward rape and no contact is necessary. See State v. McJunkin, 27 Or App 401, 556 P2d 164 (1976), rev den (1977).

ORS 161.405(1) provides:
"(1) A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime.”

The double jeopardy provision of the Fifth Amendment was made applicable to the several states by the Fourteenth Amendment due process clause in Benton v. Maryland, 395 US 784, 89 S Ct 2056, 23 L Ed 2d 707 (1969).

Or Const, Art I, § 12, provides:
"No person shall be put in jeopardy twice for the same offence (sic), * * * »

 ORS 131.515 provides:
"Except as provided in ORS 131.525 and 131.535:
"(1) No person shall be prosecuted twice for the same offense.
*[1247] "(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution and establish proper venue in a single court.”