Joe T. PICKENS, #65866, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13493.

Court of Criminal Appeals of Oklahoma.

April 8, 1964.

Joe T. Pickens, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

This is an original action in habeas corpus instituted by the petitioner, Joe T. Pickens, for the purpose of securing his release from confinement in the State penitentiary.

The verified petition alleges that petitioner is restrained by reason of a commitment issued by virtue of a judgment and sentence pronounced by the district court of Tulsa County, Oklahoma in case No. 19066, wherein the petitioner was sentenced to a term of fifteen years imprisonment for the crime of second degree burglary, after former conviction of a felony.

The Attorney General has filed a response on behalf of the Warden, attaching a copy of the judgment and sentence, and also copy of petitioner's prison record, showing this to be the prisoner's third term in the State Penitentiary.

 Petitioner's contention that he is entitled to his release is based solely upon the rule of law announced by this Court in the case of Harris v. State, Okl.Cr., 369 P.2d 187, which case prescribed the trial procedure to be followed in the trial of a case wherein the defendant was charged with a second or subsequent offense under the Oklahoma Statutes. The procedure announced in that case was thereafter enacted into the law of procedure of the State of Oklahoma, and became effective June 6, 1963, and appears as Tit. 22 O.S.A. 1963 Supp. § 860. The Harris case specifically provides:

"Where a new procedure is judicially created as adopted herein, it will not be retroactive to serve as grounds for reversal where the court was following a well-established procedure heretofore approved by this Court in numerous decisions, but is to be hereafter strictly complied with in accordance with this decision."

The judgment and sentence rendered in petitioner's case was dated October 5, 1961. The opinion in Harris v. State, supra, was rendered February 1, 1962, and the statute enacted following the Harris case, did not become effective until June 6, 1963.

Since this was the only ground advanced for petitioner's relief, the petition must be denied.

It is so ordered.

BUSSEY and NIX, JJ., concur.