Jimmy Harland MOORE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15197.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1969.

Jay Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Jimmy Harland Moore, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County with the crime of Robbery with Firearms, and he appeals.

Briefly stated, the evidence presented at trial on behalf of the State was that on the 9th day of July, 1968, on the evening thereof, a robbery occurred at the Champlin Service Station in Tulsa County; that on this date, a Mr. Morton was working and he saw the defendant about 9:30 that evening approach the station from the rear. There was testimony to the effect that the defendant had been at this station on the prior evening. As Mr. Morton walked into the station, the defendant walked in behind him, and as they were near the place where the money was laying on the table, Mr. Morton, the employee of the service station, heard the defendant say, "Buddy, I'm sorry to do this to you, but I'm starving." Mr. Morton looked around into the barrel of a blue-steel .22 revolver, pointing at him; that the defendant handed him a small plastic bag, being of the sort that raincoats are carried in, and told him, in effect, to put the money in it; that he did put the money in said bag in the sum of $267.00 in cash, whereupon the defendant left the service station and was no longer seen that night. Officer Jim Helm testified that on July 11th, he arrested the defendant herein.

The defendant took the witness stand in his own behalf, and testified that he had never been convicted of a felony, and used as a defense the defense of alibi. Also, Fred Lee Moore, his brother, testified for the defense and their testimony attempted to establish that the defendant was at Fred Moore's house at the time the robbery occurred.

At the conclusion of the evidence, the trial court instructed the jury on the issue of the defendant's guilt or innocence. The jury returned a verdict finding the defendant guilty and thereafter the court instructed the jury relative to the punishment and further gave the instruction on time credits as provided in 57 O.S.Supp.1968, § 138, over the objection and exception of the defendant, and it was the giving of this instruction that is the basis of defendant's second assignment of error.

Defendant's first assignment of error is that the trial court erred in overruling his Motion for Continuance and compounded this error by refusing to remand for a new preliminary hearing. The record reflects that on the 23rd day of July, 1968, a preliminary hearing was conducted and the defendant was represented by counsel of his own choice, Mr. Ainslee Perrault. No request was made for a transcript of the preliminary proceedings by the defendant or his attorney at that time, and the defendant was bound over to the District Court. Thereafter, Mr. Perrault was allowed to withdraw as counsel and on the 31st day of July, 1968, the defendant was arraigned in the District Court and was represented by court-appointed counsel, Mr. Robert Fry, and entered a plea of not guilty. The case was set for trial on September 4, 1968, and on September 3rd, one day prior to trial, the defendant filed his Motion for Continuance and Motion to Remand for further preliminary hearing. In his Motion for Continuance and Motion for a new preliminary hearing, defendant argued that since the court reporter who was present at the preliminary hearing had died as a result of a fire on the 3rd day of August, 1968, and the dictabelt recordings of said preliminary hearing were destroyed in said fire, he could not properly prepare his defense for the trial and should therefore be granted a continuance and a new preliminary hearing. The trial court, in refusing to grant a continuance or a new preliminary hearing, observed that although 22 O.S. § 258 provides that a record may be prepared at the request of either the State or the defendant, no such request was ever made by Mr. Perrault, defendant's employed counsel, prior to his withdrawal, nor was such request ever made by court-appointed counsel at the time of arraignment or subsequent thereto, until the filing

of the Motion for Continuance and the Motion to Remand for a new preliminary hearing, when the case had already been set for trial.

■ We are of the opinion that the trial court's ruling on these Motions was correct. In the instant case the defendant·was not a pauper at the time of his preliminary hearing, but was represented by counsel of his own choice, a highly competent attorney who did not see the necessity of ordering a transcript of the preliminary hearing, nor did the court-appointed attorney see such necessity at the time of arraignment. From the record it is readily apparent that the court-appointed attorney had discussed the testimony offered by the State at the preliminary hearing with Mr. Perrault and had sufficient time to confer with the defendant and the other defense witness and was adequately prepared to represent the defendant and present his defense on the trial of the case. The granting of a Motion for Continuance rested within the sound discretion of the trial court and he did not abuse his discretion ,by overruling the Motion for Continuance.

■ We are of the further opinion that had the dictabelt recordings of the preliminary proceeding been available and untranscribed at the time counsel's Motion for Continuance was presented to the District Court, such request would have come too late, for as was stated in New York v. Montgomery, 18 N.Y.2d 993, 278 N.Y.S.2d 226, 224 N.E.2d 730, cited with approval in Waters v. State, Okl.Cr., 454 P.2d 325:

"The request for a transcript should be made far enough in advance of trial to give the State a reasonable amount of time to transcribe the minutes and to avoid the necessity of suspending the trial pending the production of the transcript."

In accordance with the authority above set forth, we are of the opinion that this assignment of error is without merit.

■ We are of the opinion that the defendant's second assignment of error that the trial court erred in the second stage [1] of the proceeding in instructing the jury as to the provisions of 57 O.S.Supp.1968 § 138. Defendant contends that the giving of this instruction was erroneous, unconstitutional, and prejudicial to the rights of the accused. As was stated in·Williams v. State, Okl.Cr., 461 P.2d 997, in dealing with an instruction given under 57 O.S.Supp. 1968 § 138, we stated:

"* * * [W]e are of the opinion that the trial court in the instant case, committed error, notwithstanding the express provisions of 57 O.S.Supp.1968 § 138, supra, and that such an instruction should not be given."

In the instant case it is readily apparent from the verdict of the jury that they desired the defendant be given leniency, since in the verdict fixing the punishment at an indeterminate sentence of from five to fifteen years, they wrote the additional direction: "with time off for all 'good time' credits."

■ * The Court having heretofore determined that the giving of this instruction was error and it further appearing that such erroneous instruction did not fully cover that portion of the statute advising the jury that "when a maximum and minimum term of imprisonment is imposed, this section shall apply only to the maximum term," we are of the opinion that the ends

---

1. We observe in the instant case that although the defendant was charged with Robbery with Firearms, first offense, the proceeding was conducted in two stages with first the determination of the guilt of the accused and then in the second stage, instructions as to punishment. Since no objection was interposed in the instant case, nor was this raised as an assignment of error on appeal, the propriety of such proceeding is not before us. We would, however, advise the trial courts that in a proceeding where the defendant is charged with a felony, first offense, and there is no statutory authority for conducting a two-stage proceeding and absent statutory authority for conducting a two-stage proceeding, this practice should not be followed.

of justice would best be served by modifying the sentence from an indeterminate term of from five to fifteen years, to a term of five years imprisonment, and as so modified, the judgment and sentence appealed from should be, and the same is hereby, affirmed.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.