Norman N. **FERRELL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15459.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1970.

Rehearing Denied Oct. 30, 1970.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Robert D. Nelson, Legal Intern, for defendant in error.

BUSSEY, Judge:

Norman N. Ferrell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County for the crime of Murder; his punishment was fixed at life imprisonment, and a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial indicated that a neighbor, Albert Ball, observed the victim, Burr Cline, and the defendant at approximately 11:20 a. m. on November 5, 1968, outside the defendant's two-room residence at 1312 South Second Street in Enid, Oklahoma. He observed them enter the residence and a short time later heard a sound resembling a gunshot, and a man's voice say, "oh." Ball called the police and prior to their arrival observed the defendant seated on a bed in the front room.

The police arrived and upon entering the house observed the defendant, who was intoxicated, sitting near a desk with a .22 caliber rifle laying thereon. They discovered Burr Cline lying on the floor in the back room of the shack. The physical evidence, including the rifle, two spent cartridges, and the bullet removed from the body, were taken to the Oklahoma Bureau of Investigation. Ray Lambert, firearms expert, testified that he was unable to ascertain with any degree of certainty that the cartridges and bullet had been fired from the submitted weapon.

The pathologist, Dr. Baker, performed an autopsy and indicated that the cause of death, in his opinion, was a gunshot wound. He did admit that he did not perform an autopsy of the skull and the cause of death could have been in the brain area, although this was not the case in his opinion. The defendant did not testify, nor was any evidence introduced in his behalf.

The jury returned a verdict of guilty in the first stage of a two-stage proceeding. Thereafter, the court instructed the jury relative to the punishment and further gave the instruction on time credits as provided in 57 O.S.Supp. § 138, over the objection of the defendant.

■ It is first contended that the trial court erred in instructing the jury concerning the schedule of credits allowed as a deduction from a term of imprisonment and further that conducting the trial proceedings in two stages was done without authority of law and was inherently prejudicial to the defendant.

In Williams v. State, Okl.Cr., 461 P.2d 997, we stated:

"Giving of instruction informing jury of time credits prisoner would receive for good conduct was error even though statute governing such credits required instructions thereon, but where instruction was given after determination of guilt, it did not require reversal."

In the instant case the jury could return one of two verdicts, life imprisonment or death, of which they imposed the lesser sentence of life imprisonment. Clearly, giving the instruction of "good time credits" was error and such instruction should not be given. We are of the opinion, however, that since the instruction arose during the second stage of the two-stage trial, after the defendant had been found guilty, that this error does not require reversal. We cannot hold that the jury was prejudiced in that it imposed the lesser sentence.

■ It is further contended that the trial court erred in conducting the trial proceedings in two stages. There is no question that such proceedings are not proper since the decision of this Court in the case of Moore v. State, Okl.Cr., 462 P.2d 286, decided on October 29, 1969. The instant case, however, was tried prior to that date, in May of 1969. The two-stage proceeding was the authorized procedure by direction of the Attorney General of the State of Oklahoma at the date of trial. 1 Okl.Op. A.G. 288. In the case of Pickens v. State, Okl.Cr., 391 P.2d 288, this Court upheld an earlier opinion of Harris v. State, Okl.Cr., 369 P.2d 187, quoting from the *Harris* case, we stated:

"Where a new procedure is judicially created as adopted herein, it will not be retroactive to serve as grounds for reversal where the court was following a well-established procedure heretofore approved by this Court in numerous decisions, but is to be hereafter strictly complied with in accordance with this decision."

We therefore find the defendant's first assignment of error without merit.

■ It is next urged by the defendant that the evidence was insufficient to support the verdict or to prove the crime charged. After reviewing the evidence of the State, we find that although the evidence is strictly circumstantial, it is, if believed, sufficient to support the verdict of the jury. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty

as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Music v. State, Okl.Cr., 396 P.2d 894 and Hudson v. State, Okl.Cr., 399 P.2d 296. In the case at bar there was no conflict in the evidence. We are thus of the opinion that this assignment of error is without merit.

■ It is next contended that the trial court committed error in overruling the defendant's challenge to a juror forcing defendant to use peremptory challenge and denying additional challenges. This point of law has apparently not been raised in the state for many years. In Johnson v. State, 1 Okl.Cr. 321, 97 P. 1059, this Court ruled that error in overruling a proper challenge to a juror becomes grounds for reversal when the defendant is forced to use one of his peremptory challenges on said juror and that the defendant exhausted all his peremptory challenges, and that by reason of this an incompetent juror was forced upon him. We find from reviewing the record that the defendant did, in fact, execute all his peremptory challenges; however, there is no showing that any incompetent juror was forced upon him. We further find that the trial court properly ruled in not excusing jurors for cause after inquiring privately as to their qualifications to sit as jurors. We are of the opinion that this assignment of error also is without merit.

■ The defendant's final contention is that the trial court erred in failing to instruct on manslaughter. We note that not only did counsel for the defendant not request that an instruction for manslaughter

be given, he specifically objected to the giving of such an instruction.[1] This Court held in Myers v. State, Okl.Cr., 40 O.B.A.J. 2367:

"In the case at bar, there were no elements of manslaughter, it was murder or nothing. Evidently defense counsel wanted it presented to the jury as it was, because they offered no objections to the instructions given nor did they offer any written instructions. This Court does not condone actions of defense counsel in 'laying behind a log', not objecting or offering any instructions and the raising it for the first time on appeal."

It is apparent that it was a well calculated trial tactic by the defendant to object to the giving of a manslaughter instruction.

We therefore conclude that the defendant will not be allowed to complain at this time for an error which he alone created by objecting to the trial court giving an instruction on manslaughter.

The defendant in this case filed a pro se supplemental brief alleging seven assignments of error, one of which alleges that his attorney did not properly represent him at the trial. We find the assignments of error to be without merit and specifically conclude that his attorney is a very competent, experienced attorney.

In conclusion we observe that the evidence amply supports the verdict of the jury, the record is free of any error which would justify modification or reversal, the punishment imposed is the minimum possible for the crime of Murder, and for those reasons, the judgment and sentence appealed from is affirmed.

TOM BRETT, P. J., concurs.

NIX, J., not participating.

1. Page 444 of the Transcript: "JUDGE SWANSON: With regard to number seventeen, which counsel for the prosecution has mentioned, the Court does clearly and distinctly recall that it was the prosecuting attorney who insisted and asked and requested instructions on lessor, included offenses, and that it was counsel for the defendant who objected most strenuously to giving of any such instructions, and the objections were sustained and the Court did not instruct on lessor, included offenses in that there was no evidence to support lessor, included offenses, and defense counsel having objected to such, those objections were sustained and certainly defendant is in no position now to completely reverse his position when he is sustained in the first place to now come around and say he feels the other way."