Jerry Wayne KENNADY, a/k/a Vernon Gerald Muck, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15180.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

Curtis A. Parks, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Jerry Wayne Kennady, a/k/a Vernon Gerald Muck, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Second Degree Burglary After Former Conviction of a Felony. The jury fixed his punishment at an indeterminate sentence of from 12 to 36 years

imprisonment in the state penitentiary, and he appeals.

Since the only assignment of error urged on appeal is that the trial court erred in the second stage of a two-stage proceeding after the jury had found the defendant guilty of the primary offense of Burglary in the Second Degree, by instructing them as to "good time credits" under the provisions of 57 O.S.Supp., § 138, we deem it unnecessary to set forth the facts; suffice it to say that the evidence amply supports the jury's determination of the defendant's guilt.

▇ The defendant correctly contends that the trial court erred in giving Instruction No. 10 over his objection as to "good time credits." In the Syllabus of Williams v. State, Okl.Cr., 461 P.2d 997, we stated:

"It is error for the trial court to instruct the jury on time credits as provided in 57 O.S.Supp.1968, § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error.

Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

In the instant case the minimum punishment which could be imposed for the offense of Burglary in the Second Degree After Former Conviction of a Felony is ten years. We are of the opinion, therefore, that the indeterminate sentence fixing the defendant's minimum and maximum punishment at a term of not less than twelve (12), nor more than thirty-six (36) years imprisonment should be modified to a term of not less than ten (10) years, nor more than thirty (30) years imprisonment because of the giving of said instruction, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.