Ray Junior HUGHES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15257.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1970.

Frank Grayson, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Curtis P. Harris, Dist. Atty., Oklahoma City, for defendant in error.

MEMORANDUM OPINION

BUSSEY, Judge.

Ray Junior Hughes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Receiving Stolen Property After Former Conviction of a Felony, his punishment was fixed at seven years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that two Oklahoma City police of-

ficers obtained a search warrant for the defendant's home and found a large number of guns which had been stolen from a Gun Club. They proceeded to the defendant's place of employment, placed him under arrest, advised him of his constitutional rights, showed him the guns and informed him that they were stolen. The defendant made the statement that he was afraid of that and that he meant to get rid of them. He asked the officers if they had recovered two guns in a case and returned to his residence and indicated to the officers that the guns were under a mattress.

The defendant testified that the guns had been brought to his residence by Red Holt to sell to his son, a gun collector. He had no interest in the guns, nor did he have any knowledge that they were stolen. His son testified that Holt had brought the guns to the house while the defendant was asleep. Marvin Meed testified that the defendant's son had been a gun collector for several years.

The defendant sets forth seven assignments of error, only one of which possesses sufficient merit to be dealt with in this opinion. The trial court, in the second stage of the two-stage proceeding, instructed the jury as to "good time credits."

In the Syllabus of Williams v. State, Okl.Cr., 461 P.2d 997, we stated:

"It is error for the trial court to instruct the jury on time credits as provided by 57 O.S.Supp.1968, § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error.

Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

See also Ferrell v. State, Okl.Cr., 475 P.2d 825, and Kennady a/k/a Muck v. State, Okl.Cr., 478 P.2d 963.

In the instant case the maximum punishment which could have been imposed was ten years imprisonment. We are of the opinion, therefore, that the sentence of seven (7) years should be modified to a term of three and one-half (3½) years because of the giving of said instruction, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.