Tommy Don **DOLLISON**, Plaintiff In Error,

v.

The **STATE** of Oklahoma, Defendant In Error.

No. A–15189.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Homer Thompson, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Tommy Don Dollison, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the crime of Robbery with Firearms; his punishment was fixed at twenty-five years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that in the early morning hours of February 18, 1968, James Reid was in the vicinity of the Cullen Lumber Company in Oklahoma City. He observed several men walking down the street and later observed four men leaving the lumber company. He started honking his horn to attract attention and subsequently located a police offi-

cer. The police had two persons in custody that he had observed in the lumber company. Reid identified the defendant as one of the persons.

David Norlin testified that he was a passenger in the car with Reid. His testimony corroborated that of the witness Reid except he could not identify anyone in the lumber yard, but did see the defendant in the custody of the police officers. Officer Taylor testified that he was patrolling in the immediate area and observed three persons running north on Western Avenue. He took pursuit and eventually arrested two of the subjects whom he identified as the defendant and one Richard Griggs. He observed the defendant toss an object into a planter box which was later found to be a .22 caliber pistol. The officer talked to the previous witnesses and went to the lumber company and discovered the glass broken out. Photographs of the broken glass at the lumber company were introduced over the defendant's objection.

Charles Zeigler, a merchant patrol officer, observed three subjects run from the lumber yard office. He took pursuit and eventually stopped two of the subjects. As he was getting out of his car, the co-defendant, Floyd Cumbey, suddenly appeared behind the automobile, pointed a gun, and told him to "freeze." (CM 58). Cumbey came closer and fired a shot between his arm and body. Zeigler was engaged in a struggle with Cumbey when the defendant pointed a gun in his face and threatened to kill him if he didn't let Cumbey go. Cumbey took his gun and told him to start running. The third subject, Griggs, stepped between the officer and the defendant and told him to leave. He started to leave but stopped when he heard footsteps running away from the scene. He attempted to radio for assistance but found his microphone had been torn from the car. He later observed the defendant in custody of a police officer "just around the corner." (CM 65).

Floyd Cumbey testified for the defense that he was the person that robbed Zeigler.

He had been with the defendant earlier that evening but that the defendant did not participate in the burglary or subsequent encounter with Zeigler and was not at the scene. He admitted several prior felony convictions.

The District Attorney testified in rebuttal that Cumbey had offered to plead guilty for two life sentences if charges were dropped against the defendant, which offer was refused. Richard Griggs testified that the defendant was present and involved in the events which occurred. He described the breaking and entering of the lumber yard and the subsequent chase. He observed the defendant point the gun at the security guard and at that point he stepped between the defendant and the guard and advised him to "run if you don't want to die." (CM 101). He identified, on cross-examination, a statement written by him to the effect that all previous statements given by him to the police involving the defendant, Cumbey, and Griggs, were not true. The statement had been written in the county jail and witnessed by eighteen fellow cell mates. This statement was introduced in evidence and read to the jury. He testified that he had written the statement because of threats by Cumbey to kill his mother and father.

Jerry Shields testified for the defense that he was in jail when Griggs wrote the statement and that he did not have any knowledge of threats made to Griggs. The defendant attempted to call other witnesses concerning the statement made while in jail, which the court would not permit, ruling that the evidence would be accumulative (CM 129).

■ The defendant's first proposition alleges that the trial court erred by omitting from the instruction defining Robbery, the words: "If employed as a means of escape, it does not constitute robbery." Title 21 O.S.1961, § 792, provides as follows:

"To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the

taking. If employed merely as a means of escape, it does not constitute robbery."

We are of the opinion that under certain circumstances the wording of this section should certainly be included in an instruction defining robbery. In the instant case the sole defense was not that the defendant was escaping, but rather that he did not participate in the crime. In Moulton v. State, Okl.Cr., 476 P.2d 366, we stated:

"The defendant's final contention is that the trial court erred in refusing to instruct on Assault and Battery as a lesser included offense. We find that the Court instructed the jury as to attempted rape and assault with the intent to rape. The theory of the defense was two-fold, first that the defendant did not do the acts complained of, and secondly that such acts that he performed were invited. This being true, he was not entitled to the requested instruction on Assault and Battery."

We, therefore, find this proposition to be without merit.

■ The defendant's next proposition states that the trial court erred in submitting the case to the jury in two phases. This Court held in the case of Moore v. State, Okl.Cr., 462 P.2d 286, decided on October 29, 1969, that two-stage proceedings not involving a former conviction, are not proper. The instant case, however, was tried prior to the *Moore* decision, supra, in September, 1968. The two-stage proceeding was the authorized procedure by direction of the Attorney General of the State of Oklahoma at the date of trial. 1 Okl.Op. 288. In the recent case of Ferrell v. State, Okl.Cr., 475 P.2d 825, we upheld an earlier opinion of Harris v. State, Okl. Cr., 369 P.2d 187, and quoting from the *Harris* case, we stated:

"Where a new procedure is judicially created as adoptive herein, it will not be retroactive to serve as grounds for reversal when the Court was following a well-established procedure heretofore approved by this Court in numerous decisions, but is to be hereafter strictly complied with in accordance with this decision."

We, therefore, find this proposition of error to be without merit.

■ The defendant's final two propositions concern the giving of an instruction as to "good time credits." The trial court gave the instruction in the second stage of the trial over the objection of the defendant. This contention of the defendant is well taken. In the Syllabus of Williams v. State, Okl.Cr., 461 P.2d 997, we stated:

"It is error for the trial court to instruct the jury on time credits as provided by 57 O.S.Supp.1968, § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error.

Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

See also Ferrell v. State, supra, and Kennady v. State, Okl.Cr., 478 P.2d 963.

■ In conclusion, we are of the opinion that the sentence of twenty-five (25) years should be modified to a term of twelve and one-half (12½) years, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.