Gene Leroy HART, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15740.

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1971.

Curtis A. Parks, Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

OPINION

NIX, Judge:

Plaintiff in error, Gene Leroy Hart, hereinafter referred to as defendant, was convicted of First Degree Burglary, After Former Conviction of a Felony, in the District Court of Tulsa County, Case No. CRF–69–855, in a two-stage jury trial with punishment fixed at 40 to 120 years imprisonment. Judgment and sentence in ac-

cord with the jury verdict was imposed on November 6, 1969, and this appeal perfected therefrom.

Specifically, defendant was charged with having forcibly broken into the apartment of Steven Stewart and committing the crime of larceny by taking Stewart's property while Stewart was asleep in the apartment on June 2, 1969.

Steven Stewart testified that he retired at approximately midnight on the night of June 1-2, 1969, at his residence, apartment 13, 1152 South Quaker, Tulsa, Oklahoma. As he retired, he placed his wallet with personal papers and cash on a night stand adjacent to his bed. When he awoke the following morning at approximately 6:00 A.M., he discovered his wallet and its contents missing. Thinking that he had lost the wallet elsewhere, no report was made to law enforcement agencies. Stewart identified State's Exhibit One as contents of his missing wallet and identified State's Exhibit Two as a knife that he kept in his apartment.

Larry Donald Kelsey, Tulsa Police Officer, testified that while on duty he answered a call to the apartment complex at 2704 E. Fifth Street, Tulsa, Oklahoma, at approximately 3:00 P.M., on June 7, 1969. Defendant was observed at the entrance to one of the apartments and was arrested for prowling and investigation of burglary. Immediately after arresting the defendant, Officer Kelsey testified that he informed the defendant of his rights referred to as the "Miranda" warning, by having him read a card containing the same and also by orally advising him of the details on the card. Thereafter, Officer Kelsey transported the defendant to the Tulsa City Jail. This witness testified that subsequent to advising defendant of his "Miranda" rights, and while en route to the Tulsa City Jail, the defendant told him that he, the defendant, had gotten to the particular apartment where the arrest occurred by taxicab.

Dennitt Morris, Detective, Tulsa Police Department, testified that approximately 8:00 A.M. on the morning of June 7, 1969,

he, together with Detective Carroll Gatlin, and Detective Corporal Tucker, interviewed the defendant in the burglary squadroom of the Tulsa Police Department. The first thing that was done at the outset of the interview, Mr. Morris stated, was to advise the defendant of his rights. A copy of a written statement of these rights was handed to the defendant and, in addition, the defendant was orally advised in accordance with the Miranda decision. Defendant acknowledged that he understood his rights, but refused to sign the written statement of these rights. At that time, the defendant stated that he wanted to talk to an attorney. The officers phoned an attorney and defendant had a conversation with the attorney. After talking with the attorney, in response to questions by the officers, the defendant informed them that his automobile was then parked at 2632 East Sixth Street, Tulsa, Oklahoma, and that it was a white 1963 Chevrolet. The officers were further informed by the plaintiff that the keys to the vehicle were checked in with his property at the Tulsa Police Department. Officer Morris testified the defendant gave his oral permission for the officers to search the automobile.

A search was then made by this and other officers. A knife, identified as State's Exhibit Two, was introduced into evidence as having been found on the front seat of the defendant's automobile during the search. In addition, State's Exhibit One was identified as having been found in the defendant's automobile pursuant to this search.

After making the search of this automobile, Officer Morris testified that he and another officer returned to the Tulsa Police Department and again interviewed the defendant. The defendant identified State's Exhibit One and Two as having been taken by him in a burglary in the early morning hours in an apartment section. The defendant stated that he had entered through a door that was unlocked, picked up the knife, and went in the bedroom and took a wallet while someone was sleeping.

Jim Tucker, Corporal in the Detective Bureau, testified that he was in the burglary squadroom of the Tulsa Police Department on the morning of June 7, 1969, with Detectives Morris and Gatlin when they interviewed the defendant herein. This witness testified that he advised the defendant herein of his rights according to "Miranda".

Defendant assigns as error the denial of his motion to suppress evidence about, and resulting from, defendant's statement to the officers admitting his guilt and telling them the location of his car which disclosed the property taken from Stewart's apartment. Defendant further contends it was also error for the trial judge to deny a hearing on his motion to suppress just before the trial began.

The record before this Court includes a transcript of proceedings before Fred S. Nelson, Judge, District Court, Tulsa County, Oklahoma, had on July 18, 1969. The hearing was had on July 18, 1969. The hearing was had on defendant's motion to quash information, to dismiss prosecution, and to suppress the evidence in this case, No. CRF–69–855, and No.'s CRF–69–856, 857, and 858. In that proceeding, officers of the Tulsa Police Department testified concerning the circumstances of the arrest of defendant, the advising him of his rights under the Miranda decision, of placing him in telephonic contact with an attorney when requested to do so, and that thereafter defendant voluntarily admitted the burglary of the apartment in question and gave the officers his voluntary oral permission to search his automobile where physical evidence was found. Defendant testified that he did not confess or tell the officer where his car was located. At the end of the hearing, the Judge took the motion under advisement. On July 22, 1969, in open court according to the minutes of that court in Case No. CRF–69–855, the Judge overruled the motion to suppress, the motion to quash, and motion to stay prosecution. Thereafter, the defendant entered a plea of not guilty and requested a jury trial.

The transcript of this proceeding was before the trial court, Judge R. F. Martin, at the time of defendant's jury trial. Relying upon Judge Nelson's denial, Judge Martin overruled defendant's motion and request for hearing and proceeded with the trial.

■ We find no fault in the trial judge's relying upon the ruling made by Judge Nelson before whom the defendant had the opportunity to present evidence in support of his motion. There is no allegation defendant had new evidence to offer in support and it is apparent an additional hearing just before trial would necessitate examination of the same witnesses who testified before Judge Nelson. We also note that during the trial the Judge did hear evidence outside the jury's hearing concerning defendant's arrest and the advising of his constitutional rights.

■ As to whether it was error to deny defendant's motion to suppress, we find the evidence supports the district court's ruling. The district court had before it testimony that defendant had been fully advised of his rights, contacted an attorney, and then volunteered information as to his guilt and the location of the evidence. As stated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694:

"After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement." 384 U.S. at 479, 86 S.Ct. at 1630.

See, Koonce v. State, Okl.Cr., 456 P.2d 549 (1969), and Penn v. State, Okl.Cr., 456 P.2d 606 (1969).

Notwithstanding the conflict in the evidence, the district court's ruling was supported in the evidence before it and we therefore adhere thereto. In Dawson v. State, 83 Okl.Cr. 263, 175 P.2d 368, it was held:

"Trial court's ruling on motion to suppress evidence will be sustained where there is conflicting testimony as to the facts and there is competent evidence in

the record to sustain the court's findings."

 It is defendant's final assignment that it was error for the trial court to instruct the jury on prison "good time" credits set forth in 57 O.S. § 138. Defendant is correct, although the giving of such an instruction in a two-stage trial is grounds to modify the sentence rather than require reversal. Williams v. State, Okl.Cr., 461 P.2d 997. Ferrell v. State, Okl.Cr., 475 P.2d 825. Hughes v. State, Okl.Cr., 478 P.2d 964.

Accordingly, and in view of the sentence which appears excessive under the facts, the judgment and sentence is modified from a term of 40 to 120 years, to a term of 20 to 60 years, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.