Charles A. GATEWOOD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-73-412.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1974.

OPINION

BUSSEY, Judge:

Appellant, Charles A. Gatewood, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, Case. No. CRF–72–394, for the offense of Driving While Under the Influence of Intoxicating Liquor, Second Offense. His punishment was fixed at one (1) year imprisonment and a fine of two hundred fifty dollars ($250). From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated the facts are that Trooper Gene Fitzpatrick, of the Oklahoma Highway Patrol, observed the defendant driving at a high rate of speed on State Highway 18. Trooper Fitzpatrick followed the defendant's vehicle and observed the defendant's vehicle cross the centerline two or three times. On stopping the defendant, Trooper Fitzpatrick observed a strong odor of alcohol on defendant's breath and defendant's speech was incoherent. Defendant was placed under arrest for Driving While Under the Influence of Intoxicating Liquor. Thereafter, the defendant was administered a breathalyzer test with a test result of .29 percent weight by volume.

The defendant did not take the stand nor offer any evidence in his behalf in the case in chief.

The defendant's first proposition asserts that it is error to hold a two-stage bifurcated trial for the offense of Driving While Under the Influence of Intoxicating Liquor, Second Offense. We do not agree. In the case of Harris v. State, Okl.Cr., 369 P.2d 187, this Court held in the following Syllabus:

"The information should be divided into two parts. In the first the particular offense with which the accused is charged should be set forth, and this should be upon the first page of the information and signed by the prosecuting officer.

Irvin Owen, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

In the second part former convictions should be alleged, and this should be upon the second page of the information, separable from the first page and signed by the prosecuting officer.

"The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, there should be read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the information on which the crime charged is set out, should be given to them.

"The jury at this junction of the trial should be charged with the sole responsibility of reaching a verdict as to the guilt or innocence of the defendant upon the charge for which he is being tried. If the jury then returns with a verdict of guilty, then evidence should be presented to prove the second portion of the information as to the previous convictions. The jury will then retire to assess the punishment within the limits prescribed by statute for the primary offense or if they find he was guilty of a previous conviction, then and in that event they may set the punishment as set forth in Title 21 O.S.A. § 51.

"The above stated procedure is hereby adopted by this Court and is to be followed in all such future prosecutions and unless complied with, reversible error will be created justifying reversal."

Also, in the case of Lovell v. State, Okl. Cr., 455 P.2d 735, this Court held in the Syllabus:

"Heretofore charges brought under Title 47, O.S.A. § 11–9–2 (driving while intoxicated, second offense) have been an exception to the rule adopted in Harris, supra. But in view of new 'Court Reform' now in operation, it is no longer excluded and from this day forward, such cases are to be tried in conformity with the Harris opinion, supra."

We therefore find no merit in this proposition.

■ The defendant's final proposition of error asserts that the trial court erred in failing to sustain the defendant's motion for directed verdict of acquittal at the close of the second stage.

The defendant's argument under this proposition is that the State's introduction of a certified copy of the Judgment and Sentence of the first conviction was not admissible without having a human witness to confront, or to authenticate the document. We do not agree.

This question has previously been answered in the case of Anglin v. State, Okl.Cr., 508 P.2d 679 where this Court held that certified judgments and sentences of the former convictions are admissible under 12 O.S.1971, § 486 without authentication. We therefore find no merit in this proposition.

■ We note from the record that the defendant is an indigent with no means to pay the two hundred fifty dollar ($250) fine imposed. It is therefore our opinion that the judgment and sentence should be, and the same is hereby, modified to a term of one (1) year imprisonment.

Judgment and sentenced affirmed as modified.

BLISS, P. J., and BRETT, J., concur.