**Blanco Robert GAMMELL, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–650.**

Court of Criminal Appeals of Oklahoma.

March 18, 1976.

Valdhe F. Pitman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Joe Mark El-kouri, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The appellant, Blanco Robert Gammell, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Oklahoma County, Case No. CRF–74–3734 of the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Subsequent Offense, pursuant to the provisions of 47 O.S.1971, § 11–902. Punishment was assessed at a term of four (4) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict the defendant has perfected his appeal.

Briefly stated the facts adduced at trial are as follows: Oklahoma City Police Officer, Patricia Jarrett testified that on the 2nd day of November, 1974, she observed the defendant, while driving southbound on Robinson Avenue, strike the curb several times, straddle the land line and cross over into northbound traffic. The defendant's vehicle was doing 40 m.p.h. in a 30 m.p.h. zone. Once the defendant was stopped the witness noticed a strong odor of alcohol on his breath and person and the interior of his vehicle. The defendant's eyes were bloodshot and watery and he was unsteady on his feet, consistently weaving as he stood and spoke to the officer. After being advised of his Miranda rights the defendant agreed to take a blood alcohol test. The witness further testified that based upon her experience and background as a police officer she was of the opinion that the defendant was highly intoxicated. Thereafter the defendant was administered a blood alcohol test with a test result of 0.27 percent weight volume ethyl alcohol.

The defendant then took the stand to testify in his own behalf stating that he was 41 years of age, had been convicted twice for operating a motor vehicle under the influence of intoxicating liquor and had been an alcoholic for a number of years. On the date in question he had been drinking and had been at a bar from 2:30 until 6:00 p. m. He further stated that he could not remember his car bouncing off the curb or driving left of center and that he felt he was in a condition to operate the vehicle although he did not know whether he was drunk. The defense then rested.

Over objection of the defendant the State was then allowed to reopen its case at which time certified copies of the judgments and sentences arising out of the defendants prior offenses were admitted into evidence along with certified copies of the original docket sheet in each case which reflected that no appeal had been taken and that each judgment and sentence was final. The trial court then instructed the jury concerning both portions of the information and the jury determined guilt and punishment at the same time.

▮ The defendant's first assignment of error contends that he was denied a fair and impartial trial because the State indulged in "judge shopping". In support of his contention the defendant recites in his brief that over objection of the State the Presiding Criminal Judge assigned the case to Special Judge Barnett for immediate trial and that after Judge Barnett indicated

to counsel for the State that he was of the belief that only a misdemeanor had been alleged in the body of the information and that the second page was surplusage, the State arranged for the cause to be reassigned to another judge, visiting Associate District Judge Linder.

However, we note from the record that when the issue of "judge shopping" was raised before Judge Linder both the State and defense counsel stipulated that the State had originally voiced its objection to the assignment of the case to a special judge. In *Bowen v. State*, Okl.Cr., 497 P.2d 1094, this Court recognized that the only limit on a special judge's power or authority to hear any action is that in all actions not specified in 20 O.S.1971, § 123 (A) either party may object before trial and thus prevent the special judge from hearing that case. As the cause in question does not come within the action specified in § 123(A), the State had a statutory right to make such an objection and require a reassignment. As stated by Judge Linder when considering the defendant's assertion of prejudicial error before trial:

> "The Court would find at this time that there was not judge-shopping involved here on the basis that the State objected from the very inception of prosecution on this day to the assignment of a special judge, and I think the statutes of the State of Oklahoma certainly allow the State or the defendant to make that objection."

The defendant's first assignment is without merit.

The defendant in his next two assignments of error urges that the trial court erred in failing to sustain his motion to quash the information for the reason that the first portion of the information alleged that the defendant did "then and there wilfully, unlawfully, and *feloniously*" commit the crime of operating a motor vehicle while under the influence of intoxicating liquor, arguing that when the first portion of the information was read to the jury the word "feloniously" indicated to the jury that the defendant had prior convictions.

This Court is well aware that prosecutions under 47 O.S. § 11–902 are no longer an exception to the bifurcated proceeding rule set out in *Harris v. State*, Okl.Cr., 369 P.2d 187. See *Lovell v. State*, Okl.Cr., 455 P.2d 735 and *Gatewood v. State*, Okl.Cr., 519 P.2d 924. The question remaining is whether the defendant in the instant case was prejudiced in any manner by the use of the word "feloniously" in the first portion of the information read to the jury. We believe not. The defendant took the stand and admitted that he had two prior convictions for driving while intoxicated. Such an admission waives the error, if any. However, we do not feel that the use of the word "feloniously" in the first portion of the information constitutes error. It is quite possible for an accused feloniously to operate a motor vehicle while under the influence of intoxicating liquor. He need only have a prior, final conviction for violation of § 11–902. We do not feel that the use of said word in the information substantially prejudices the right of an accused. It does not constitute an allegation of a prior conviction and, in our opinion, does not tend to place the defendant's reputation in issue or influence the jury.

The defendant's fourth assignment of error urges that the trial court committed error in failing to require that the second part of the information be read to the defendant and his plea taken in the absence of the jury. In support of his contention he cites the requirements set out in *Harris v. State*, supra. However, in the instant case the defendant waived a bifurcated proceeding since he admitted his prior convictions and therefor the requirements of *Harris* are not relevant. The defendant's last assignment is without merit. Judgment and sentenced *AFFIRMED*.

BUSSEY, J., concurs.